**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANNA GRIGORYAN, | No. 08-70753 |
| Petitioner, | Agency No. A099-460-090 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 10, 2012
Pasadena, California

Before:    PREGERSON and W. FLETCHER, Circuit Judges, and BENNETT,
District Judge.[**]

Petitioner Anna Grigoryan, a native and citizen of Armenia, seeks review of

the Board of Immigration Appeals ("BIA") decision denying her application for

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The Honorable Mark W. Bennett, United States District Judge for the
Northern District of Iowa, sitting by designation.

asylum, withholding of removal, and the Convention Against Torture ("CAT").

This court has jurisdiction under 8 U.S.C. § 1252, and reviews for substantial

evidence, *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).

The record compels a finding that Grigoryan has a well-founded fear of

persecution based on a protected ground. Grigoryan's credible testimony

demonstrates that she has a subjective fear of persecution. She also has an

objectively reasonable fear of persecution. *See Cordon-Garcia v. INS*, 204 F.3d

985, 990 (9th Cir. 2000). Grigoryan experienced substantial harm in Armenia after

she began working with Shitak, an Armenian human rights organization; she was

threatened, insulted, vandalized, and ultimately attacked in an underground

subway. Past "threats and violence" are indicative of Grigoryan's "individualized

risk of experiencing similar mistreatment" were she to return to Armenia. *Hoxha*

*v. Ashcroft*, 319 F.3d 1179, 1184 (9th Cir. 2003). Grigoryan has continued to be

threatened since her arrival in the United States, including by military officials in

Armenia.

The agency's determination that Grigoryan was not harmed on account of a

protected ground is not supported by substantial evidence. Grigoryan "need only

'provide some evidence of [motive], direct or circumstantial,'" *Karapetyan v.*

*Mukasey*, 543 F.3d 1118, 1127 (9th Cir. 2008) (quoting *INS v. Elias-Zacarias*, 502

2

U.S. 478, 483 (1992)).  Grigoryan publicly voiced opposition to Armenian corruption and protested the lack of human rights in the country.  *See Mamouzian v. Ashcroft*, 390 F.3d 1129, 1134 (9th Cir. 2004) (petition granted where Armenian applicant was threatened and beaten as a result of "articles she wrote in which she voiced opposition to corruption in the ruling party").  Further, there is significant circumstantial evidence, such as comments made to Grigoryan by military officials, that the threats to, and attack on, Grigoryan were related to her political work.  There is no reasonable explanation for the threats and attack other than Grigoryan's activities with Shitak.

Substantial evidence does not support the BIA's determination that Grigoryan has not shown the Armenian government is unable or unwilling to protect her because she did not seek protection from the government.  This court will "presume that the persecution was perpetrated by government agents where there is no evidence to the contrary and where there is no evidence of hostility between the applicant and non-governmental actors."  *Karapetyan*, 543 F.3d at 1128.  Here, the evidence compels the conclusion that Grigoryan was persecuted by those acting on behalf of the government.  When the government is responsible for persecution, an applicant is not required to seek help from the police.  *Baballah v. Ashcroft*, 367 F.3d 1067, 1078 (9th Cir. 2004) ("[W]hen the government is

3

responsible for persecution, the third prong of our asylum inquiry is satisfied without further analysis").

Withholding of removal requires an alien to "demonstrate that it is more likely than not that he would be subject to persecution on one of the specified grounds," *Al-Harbi v. INS*, 242 F.3d 882, 888 (9th Cir. 2001) (internal quotation marks omitted). The record compels the conclusion that it is more likely than not that Grigoryan will experience persecution by the government if she returns to Armenia, and that such persecution is on account of her political activities. Thus, substantial evidence does not support the agency's denial of withholding of removal.

Grigoryan did not "establish that it is more likely than not that . . . she would be tortured if removed" to Armenia. *Kamalthas v. INS*, 251 F.3d 1279, 1284 (9th Cir. 2001) (quoting 8 C.F.R. § 208.16(c)(2)). "'Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment or punishment that do not amount to torture.'" *Al-Saher v. INS*, 268 F.3d 1143, 1147 (9th Cir. 2001) (quoting 8 C.F.R. § 208.18(a)(2)). Substantial evidence supports the IJ and BIA's conclusions that Grigoryan is not likely to experience torture were she to return to Armenia. 8 C.F.R. § 208.18(a)(1).

4

We grant Grigoryan's petition on her asylum and withholding of removal claims. We remand this case to the agency for the Attorney General to exercise his discretion under 8 U.S.C. § 1158(b) as to whether to grant asylum, and direct the agency to enter an order for withholding of removal. *See Baballah*, 367 F.3d at 1079. We affirm the BIA's denial of Grigoryan's application for CAT protection.

Petition GRANTED in part, DENIED in part, and REMANDED.

Costs to the petitioner.